FILED
2017 Oct-10  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **VERONICA JOHNSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | ) |
| | ) **CIVIL ACTION NO.:**_____ |
| **HUNTSVILLE UTILITES  a** | ) |
| **CORPORATION,** | ) |
| **Defendants.** | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT

## PREAMBLE

The Plaintiff is an African American female and former employee of the defendant Huntsville Utilities.  Plaintiff is over the age of 40 and  alleges that she was discriminated against because of  her  race,  African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981and 1981(a) and her age in violation of   the Act of Congress known as the "The Age Discrimination in Employment Act," as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a) and after she complained about discrimination her employment

1

was terminated in retaliation for her opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, Section 704(a).

## I.      PRELIMINARY STATEMENT

1.      This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"),  and the Civil Rights Act of 1991, 42 U.S.C. Section 1981 and 1981(a) The Age Discrimination in Employment Act," as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a) and Section 704(a) of Title VII. Plaintiff alleges that the Defendant, Huntsville Utilities  has discriminated against her because of her  race and age and retaliated  against her in violation of Title VII of the Civil Rights Act of 1964 as, amended, and 42 U.S.C. § 1981 and 1981(a). The Plaintiff seeks declaratory, injunctive, and other relief to redress a deprivation by Huntsville Utilities of plaintiff's right to be free of discriminatory employment practices on the basis of race and age and retaliation  including retaliatory discharge and to secure the protection of, and to redress the deprivation of rights secured by the 42 U.S.C. Section 1981 and 42 U.S.C. Section 1981(a).

## II.     JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

2

1343 (4) and 28 U.S.C. §§ 2201 and 2202

3.    The unlawful employment practices alleged herein, were committed and are being committed, by the defendant within the State of Alabama.

## III.    ADMINISTRATIVE EXHAUSTION

4.    Johnson  filed her  individual EEOC charge within the 180 days of the occurrence of the unlawful employment practice(s) which plaintiffs complains of herein against the defendant.

5.    An authorization to file suit was issued by the EEOC and received by plaintiffs not more than ninety, (90), days prior to the commencement of this action. Plaintiff is also filing pursuant to 42 U.S.C. § 1981claims within the (4), year statute of limitations available under 28 U.S.C. § 1658.

## IV.    PARTIES

6.    Plaintiff, **Veronica Johnson** is an African-American female, over the age of  forty, (40), years, a citizen of the United States and a resident of the State of Alabama. Johnson is a person aggrieved as defined by statute.

7.     Defendant, Huntsville Utilities , is a Corporation doing business in Madison County, Alabama. The defendant employees more than 15 people and at all times relevant employed the plaintiff, Johnson.

## V.    STATEMENT OF CLAIMS:

### COUNT ONE VIOLATION OF TITLE VII

8.      The plaintiff re-alleges and incorporate paragraphs 1 through 7 as if fully set forth herein.

9.      Veronica Johnson  is an African American female and former employee defendant. Johnson was employed as a Billing Representative from December 2012 until her retaliatory discharge on November 20, 2015.

 10.    After receiving two very questionable write ups  plaintiff complained to management   that her write ups were discriminatory because of her race ! Plaintiff was written up again on November 5, 2015 after complaining about racial discrimination and ten (10) days later her employment was terminated on November 20, 2015.

11.    As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is being  deprived of promotions, income, benefits, and other terms and conditions of employment because of her race.

12.     Plaintiff has further suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendant's unlawful discriminatory conduct.

13.     Defendant engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to the plaintiffs federally protected rights.

4

14.    The plaintiff has no plain , adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, front-pay, compensatory and punitive damages , injunctive relief and declaratory judgment is plaintiff's only means of securing adequate relief.

15.    The plaintiff  is  now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and procedures as set forth herein unless enjoined by this court.

## COUNT TWO VIOLATION OF 42 U.S.C. Section 1981 and 1981(a).

16.    The plaintiff re-allege and incorporate paragraphs 1 through 16 as if fully set forth herein.

17. The effect of the defendant's discrimination on the basis of race as set forth above has been to deprive the   plaintiff of the right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. Section 1981 and 42 U.S.C. Section 1981(a) and the Civil Rights Act of 1866.

18.    As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is deprived of promotions, income, benefits, and other terms and conditions of employment because of  her race.

19.  Plaintiffs has further suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendant's unlawful discriminatory conduct.

20.  Defendant engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

21. The plaintiff has no plain , adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, compensatory and punitive damages , injunctive relief and declaratory judgment is plaintiff' only means of securing adequate relief.

22.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and procedures as set forth herein unless enjoined by this court.

## COUNT THREE: AGE DISCRIMINATION IN EMPLOYMENT

23. The Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail herein below.

24. Plaintiff was subjected to unequal treatment regarding his employment because of  her age.  Defendant discriminates on the basis of age in promotions and other terms and conditions of

6

employment.

25.     As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Huntsville Utilities described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981 and The Age Discrimination in Employment Act.

2.     Grant the Plaintiff a permanent injunction enjoining Defendant Huntsville Utilities, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3.     Issue an injunction ordering this Defendant not to engage in race discrimination, age discrimination  and retaliation and ordering

Defendant to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4.      Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest),front pay and by awarding plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5.      The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR
ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,
/s/Byron R. Perkins
Byron R. Perkins
Attorney for the Plaintiff

**OF COUNSEL:**
PERKINS-LAW, LLC
The Civic Center Medical Forum Building
2170 Highland Avenue
Suite 550
Birmingham, AL 35203
Telephone:  (205) 558-4696
bperkins@perkins-law.com

**<u>SERVE THE DEFENDANT AT</u>**

Huntsville Utilities

112 Spragins Street N.W.

Huntsville, Alabama 35801